**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JONATHAN HUMBERTO ORTIZ PERAZA,

     Petitioner,

    v.

MARKWAYNE MULLIN, Secretary, Department of Homeland Security; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; TODD BLANCHE, Acting Attorney General, Department of Justice; and WARDEN, Imperial Regional Detention Facility;

    Respondents.

Case No.:  3:26-cv-02505-BTM-MSB

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Jonathan Humberto Ortiz Peraza's petition for a writ of habeas corpus.  The Petitioner claims that he is entitled to a bond hearing under 8 U.S.C. § 1226.  (ECF No. 1 ("Pet."), ¶ 3.)  He also requests that the Court order his release.  (*Id.* at 7.)  The Respondents concede that Petitioner is entitled to a bond hearing under *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. Dec. 18, 2025), *stayed*

*by Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026). The Respondents also, based on prior decisions in the Southern District of California, "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (ECF No. 5, at 1.) *See, e.g.*, *Amaya v. Noem*, No. 25-cv-02892, 2025 WL 3182998 (S.D. Cal. Nov. 13, 2025).

The Petitioner does not argue why he is entitled to release. Although he states that he was released on his own recognizance from immigration custody, he does not provide facts on when he was released. Nor does he state when he entered the country. Rather, the petition implies that the Petitioner entered the country without inspection. (Pet., ¶ 3 ("[Section] 1225(b)(2)(A) does not govern individuals—*such as Petitioner*—who are charged with having entered the United States *without inspection*." (emphasis added)).) This makes it unlikely that the Petitioner was paroled into the country and held a liberty interest in remaining on parole. *Cf. Tulyakov v. LaRose*, No. 26-cv-01695, 2026 WL 981218 (S.D. Cal. Apr. 13, 2026) (finding a liberty interest for a noncitizen paroled into he country). It is "[a]fter immigration officials inspect a noncitizen[1] at the border" that "they may release the noncitizen into the country." *Zamudio Rangel v. LaRose*, No. 26-cv-01505, 2026 WL 1075244, at *1 (S.D. Cal. Apr. 20, 2026). Because the Petitioner has not shown that he is entitled to release, the remedy of release is denied without prejudice. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In . . . federal habeas proceedings, it is the petitioner who bears the burden of proving his case.").

Because the Respondents do not oppose a bond hearing, the Court grants the Petitioner's request for a bond hearing. On or before June 18, 2026, unless the Petitioner requests a continuance, the Respondents are ordered to grant the Petitioner an individualized bond hearing before a fair, neutral, and open-minded immigration judge ("IJ"). The IJ shall consider:

---

[1] This order uses the term "noncitizen" as equivalent to the statutory term "alien." 8 U.S.C. § 1101(a)(3); *see Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020).

26-cv-2505

where the Petitioner will reside, who any surety may be, the appropriateness of non-financial conditions, the nine factors for an IJ to consider in an individualized bond hearing as set forth in *Martinez v. Clark*, 124 F.4th 775 (9th Cir. 2024): (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States, and any other factors the IJ deems relevant in this particular case. *See also Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006).

*Seged v. LaRose*, No. 26-cv-02564, 2026 WL 1480801, at *2 (S.D. Cal. May 27, 2026). The IJ must determine whether the Petitioner is a danger to the community or a flight risk for which there are no conditions available that will deter such risk. If the IJ denies bond, the judge must make specific findings as to why the Petitioner is a danger to the community or a flight risk, and the Government must make the audio of the hearing available to the Petitioner's counsel.

In conclusion, the petition for a writ of habeas corpus is **GRANTED IN PART**. The Respondents are ordered to grant Perez an individualized bond hearing before a fair, neutral, and open-minded IJ in accordance with the requirements ordered above. The remedy of release without a bond hearing is **DENIED** without prejudice. The parties shall file a joint status report on the result of the bond hearing within forty-eight (48) hours of the bond hearing. If the Respondents fail to comply with this writ, the Petitioner can apply to this Court for relief. The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated: June 4, 2026

_____
Honorable Barry Ted Moskowitz
United States District Judge

3

26-cv-2505